No. 18,915.

MRS. ELLA SIMS, *Appellee*, v. WILLIAMSBURG TOWN-
SHIP, *Appellant*.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

PETITION FOR REHEARING — *Groundless Criticism of Opinion.*
Criticisms of the statement of facts contained in the original
opinion examined and shown to be without merit.

Appeal from Franklin district court; CHARLES A.
SMART, judge. Opinion denying a rehearing filed July 7,
1914. (For original opinion of affirmance see *ante*,
p. 636, 141 Pac. —).

*F. A. Waddle, Walter Pleasant,* and *W. B. Pleasant,*
all of Ottawa, for the appellant.

*W. J. Costigan,* of Ottawa, and *Guthrie, Gamble &
Street,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: In a petition for a rehearing it is said the
court misconstrued the facts and misinterpreted the
evidence in that the opinion said the wall was over-
topped by undergrowth. What the court said was this:

"From a photograph admitted to be correct it ap-
pears that the wall was overtopped by undergrowth."
(*Sims v. Williamsburg Township,* ante, p. 636, 637,
141 Pac. —.)

Here is a portion of the record contained in the
counter-abstract which contributed to the statement:

Testimony of Mrs. Sims: "This photograph presents
a true aspect of the roadway at the place where I went
over. It shows the roadway looking east. The place
where I went over is right there (indicating on pho-
tograph) at what appears to be a box by the side of the
roadway.

"Photograph identified by witness offered in evidence, marked 'Exhibit A':

"The Court: I understand that presents a view of the road looking east.

"Mr. Gamble [Attorney for plaintiff] : Yes, from the foot of the hill, looking up the road, east in the direction the plaintiff was traveling.

"Mr. Waddle, counsel for defendant: And the box at the side of the road shows the place where she went over."

The true aspect of the roadway presented by "Exhibit A" is that the wall is overtopped with undergrowth.

The witness was handed another photograph taken in April of the next year, stated in the abstract to be a correct representation of the road *at that time,* and stated in the counter-abstract to be a correct representation of the road at the time and place of the injury. Some clearing had been done at the place after the accident; how much was not very manifest. That photograph shows some undergrowth, but without foliage.

Still another photograph was presented, which is referred to in the testimony set out in the abstract as "Exhibit C," but no "Exhibit C" was attached to the abstract. The abstract contained but one exhibit, "Exhibit B." The court was confused until the counter-abstract was examined, where it was said that the defendant had mislabeled its exhibits. However, the exhibit which ought to have been called C shows undergrowth on both sides of the wall, but without foliage. Under a desk reading glass the undergrowth is very distinct.

Notwithstanding the uncertainty for which the defendant was responsible, it seemed safe to make the cautious statement contained in the opinion, since the matter was incidental only as a part of the whole story, and not determinative of the question of negligence.

The horse backed over the wall because there was no proper barrier there to warn and restrain him, undergrowth or no undergrowth.

It is said that the opinion is incorrect in the statement that the roadway was level with the top of the wall. Here is the testimony on which the statement was based:

"G. L. Hettick:

"I was trustee of Williamsburg Township at the time of this injury to Mrs. Sims. . . . During the fall before Mrs. Sims was hurt, we, the board, under my management, had graded up the road by cutting away the bank on the north side and putting earth over on the south side. The retaining wall seemed to settle down a bit along there and we put more dirt in to make a level road."

"W. M. Devore [a witness for the defendant]:

"I live near Williamsburg; have known the road in question about 30 years and there were general repairs of this road at the place of the accident in September, 1911. . . . The road is nearly level with the retaining wall; probably not exactly but practically so."

True, there were some stones lying along the course of the wall, but they constituted no barrier in the estimation of the township trustee himself. Here is what he said:

"I knew there was no barrier on the south side; nothing was done to prevent horses from shying or backing over the rocks, it being entirely unguarded."

The remainder of the petition for a rehearing relates to matters of law sufficiently discussed in the opinion.

The petition is denied.